OPINION
{¶ 1} Tywonne L. Montgomery appeals from his conviction and sentence on one count of unlawful sexual conduct with a minor.
 {¶ 2} Montgomery advances three assignments of error on appeal. First, he contends that his conviction is against the manifest weight of the evidence. Second, he argues that the trial court failed to consider appropriate statutory factors when sentencing him to incarceration rather than community control. Third, he asserts that the trial court failed to make the requisite findings to support imposition of more than the statutory minimum term of incarceration.
 {¶ 3} The record reflects that Montgomery engaged in sexual intercourse with fourteen-year-old N.C. on August 13, 2001. On that date, Montgomery was twenty-five years old. He frequently stayed with his girlfriend, LaSonya Kirkland, who lived in the DeSoto Bass apartment complex two or three doors down from N.C. On the day in question, N.C. voluntarily went to Kirkland's apartment to visit Montgomery. Upon entering the apartment, she saw three of Montgomery's male friends playing a "Play Station" game. Montgomery then appeared and asked N.C. whether she was coming upstairs with him. N.C. responded affirmatively and proceeded to follow him into a bedroom. After very brief conversation, N.C. removed her clothes and had sexual intercourse with Montgomery. While they were in bed, Kirkland returned home and discovered them together.
 {¶ 4} Montgomery subsequently was arrested and charged with one count of unlawful sexual conduct with a minor. Given the age difference between Montgomery and N.C., the offense was a third-degree felony. The matter proceeded to a bench trial, and Montgomery was convicted. The trial court later sentenced him to two years in prison. He then filed a timely appeal, advancing the three assignments of error set forth above.
 {¶ 5} In his first assignment of error, Montgomery argues that his conviction is against the manifest weight of the evidence. In particular, he contends the manifest weight of the evidence does not support a finding that he knew N.C. was under age sixteen or that he was reckless in that regard.[1]
 {¶ 6} When a conviction is challenged on appeal as being against the manifest weight of the evidence, we must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Thompkins, 78 Ohio St.3d 380, 387,1997-Ohio-52. A judgment should be reversed as being against the manifest weight of the evidence "only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Martin (1983),20 Ohio App.3d 172, 175.
 {¶ 7} In the present case, we cannot say that the evidence weighs heavily against Montgomery's conviction. At trial, Montgomery testified that he believed N.C. was older than fifteen for numerous reasons. In particular, he stated that N.C. told him she did not have a driver's license, not because of her age, but because her mother would not let her drive. He also testified that she told him her birthday was one week away and that he offered to help her obtain a driver's license. In addition, Montgomery stated that N.C. told him she had no curfew and that he would not be able to handle her sexually. Montgomery also testified that he previously had seen N.C. dressed provocatively, dancing in a sexually suggestive manner, and sitting in cars with older men in the middle of the night. Additionally, Montgomery and Kirkland both testified generally that N.C. looked and acted older than her age. In light of the foregoing evidence, Montgomery contends the record does not support a finding that he knew N.C. was under age sixteen or that he was reckless in that regard.
 {¶ 8} We note, however, that N.C. controverted portions of Montgomery's testimony. Among other things, she denied that a conversation about her age or birthday took place. When asked about the extent of her conversation with Montgomery on August 13, 2001, she did not mention any discussion of her driver's license or lack thereof. In addition, she denied stating that Montgomery would be unable to handle her sexually. She also denied sitting in the parking lot with men and dancing "nasty" outside. N.C. further testified that no one in her neighborhood ever told her that she looked old for her age. N.C. additionally testified, and Montgomery admitted, that he knew she was in high school because he had seen her walking home. The record also reflects that Montgomery started staying at Kirkland's apartment, two or three doors down from N.C., when N.C. was only twelve or thirteen years old.
 {¶ 9} Having reviewed the transcript of Montgomery's trial, we cannot say the trial court clearly lost its way and created a manifest miscarriage of justice when finding Montgomery guilty of unlawful sexual conduct with a minor. The trial court was free to discredit Montgomery's testimony and to believe N.C.'s conflicting testimony. In addition, the record contains uncontroverted testimony that Montgomery knew N.C. was attending high school. The record also suggests that despite living two or three doors away from N.C. and seeing her since she was twelve or thirteen, Montgomery never took any steps to ascertain her age before engaging in sexual intercourse with her. In our view, the manifest weight of the evidence supports a finding that Montgomery was reckless as to N.C. being under the age of sixteen. Accordingly, we overrule his first assignment of error.
 {¶ 10} In his second assignment of error, Montgomery argues that the trial court erred in failing to consider the purposes of felony sentencing found in R.C. § 2929.11 and the sentencing factors set forth in R.C. § 2929.12. As a result, he urges us to vacate his sentence and to remand with instructions to the trial court to place him on community control. Alternatively, Montgomery asks us to remand the matter for re-sentencing so the trial court can state the basis for his sentence on the record. In response, the State concedes that the trial court did not make the necessary findings to impose a term of incarceration rather than community control. The State argues, however, that community control is not warranted in the present case.
 {¶ 11} Upon review, we sustain Montgomery's second assignment of error, as nothing in the record establishes that the trial court considered the purposes of felony sentencing set out in R.C. § 2929.11
or the seriousness and recidivism factors contained in R.C. § 2929.12. However, we decline Montgomery's invitation to remand with instructions to impose a sentence of community control. Although we will vacate Montgomery's sentence and remand for re-sentencing, we make no recommendation as to the sentence that the trial court should impose.[2]
 {¶ 12} In his third assignment of error, Montgomery argues that the trial court erred in failing to make the requisite findings to support imposition of more than the statutory minimum term of incarceration. As a result, he contends that his two-year sentence should not exceed one year. Once again, the State concedes error but argues that the matter should be remanded to give the trial court an opportunity to make the necessary findings to support Montgomery's sentence.
 {¶ 13} Upon review, we sustain Montgomery's third assignment of error. The permissible term of incarceration for a third-degree felony is one, two, three, four, or five years. Section 2929.14(B) of the Revised Code mandates, however, that when an offender previously has not served a prison term, a court must impose the shortest authorized term unless it finds, on the record, that the shortest term would demean the seriousness of the offender's conduct or would not adequately protect the public from future crime by the offender.
 {¶ 14} In the present case, the trial court sentenced Montgomery to two years in prison. Although this sentence is within the permissible range, he previously has not served a prison term, and the trial court failed to make either of the findings necessary to deviate from a one-year minimum sentence. Absent such findings, we agree that the trial court erred in imposing a two-year sentence. State v. Edmonson,86 Ohio St.3d 324, 327-328, 1999-Ohio-110. We also believe, however, that the best approach in the present case is to remand the matter to give the trial court an opportunity to reconsider or to explain the basis for the sentence that it imposed. State v. Jones, 93 Ohio St.3d 391, 399-400,2001-Ohio-1341.
 {¶ 15} Based on the reasoning and citation of authority set forth above, we hereby affirm Montgomery's conviction, vacate his sentence, and remand this matter for re-sentencing.
 {¶ 16} Judgment affirmed in part, reversed in part, and cause remanded for re-sentencing.
WOLFF, J., and GRADY, J., concur.
[1] Montgomery's knowledge or recklessness as to N.C.'s age is critical, as the statute at issue, R.C. § 2907.04, provides that no person eighteen years of age or older shall engage in sexual conduct with another, who is not the spouse of the offender, when the offender knows the other person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard.
[2] We pause briefly, however, to note our disagreement with the State's suggestion that N.C.'s conduct is irrelevant for purposes of sentencing. In its appellate brief, the State sharply criticizes Montgomery for suggesting to us that N.C. induced or facilitated his offense and that his offense occurred under circumstances unlikely to recur. Such facts would militate against the imposition of a term of imprisonment. See R.C. § 2929.12(C) and (E). The State insists, however, that the record contains no evidence of N.C. inducing or facilitating Montgomery's offense. Likewise, the State contends the record is devoid of evidence that the offense is unlikely to recur. The State also finds "appalling" Montgomery's suggestion that N.C. "induced her own victimization." Finally, the State notes that consent is not a defense to Montgomery's crime. In our view, however, the trial court easily could find that N.C. induced or facilitated the offense and that it is not likely to recur. The record reflects that N.C. arrived at Montgomery's place of residence without an invitation and followed him upstairs, where she almost immediately removed her clothes, without any apparent persuasion from Montgomery, and proceeded to engage in sexual intercourse. N.C.'s actions obviously are not a defense to Montgomery's crime, but we have difficulty envisioning a more compelling example of inducing or facilitating the offense of unlawful sexual conduct with a minor. Likewise, in light of the foregoing facts, Montgomery can make a strong argument that his offense occurred under circumstances that are not likely to recur. We find nothing appalling about his making such an argument.